1763.

POOR
*v.*
DOBLE.

Rec. 1763.
Fol. 113.

An Action
on the Caſe
for a Reſcue
cannot be
brought in a
County where
the Conſpira-
cy to reſcue,
but not the
Reſcue itſelf,
took Place.
*One Judge
diſſenting.*

## Poor *verſ.* Doble.

POOR brought an Action againſt one Jutſham, and, it being ſuggeſted to the Admiralty that Jutſham was on board a Veſſell in the Harbour, the Writ was committed to a Water Bailiff, who entered the Veſſell and took him. Doble inter-poſed, went up to Boſton, and upon his Return forced the Defendant Jutſham from the Officer and carried him off; upon this the preſent Action was grounded. There were ſeveral Exceptions in Abate-ment of the Writ taken. The firſt was, " Not with-in the Juriſdiction of the Court;" it was ſaid they conſpired at Boſton, but the Act was done below. (1)

*Mr.*

(1) The declaration ſet forth the original cauſe of action, the purchaſe of the writ, and the ſubſequent iſſue of a warrant from the Court of Ad-miralty, by virtue of which the deputy marſhal " went on board the ſloop Pompey, being then within the juriſdiction of the ſaid Court of Admiralty, and there found the ſaid Samuel Jutſham and him detained as a priſoner till he ſhould convene him to juſtice or deliver him to the ſheriff of this county or his deputy, that the ſaid writ of attachment might be duly ſerved on him." And it was further alleged that the defendants having conſpired and agreed to reſcue the priſoner, " in pur-ſuance of the ſaid unlawful conſpiracy and agreement," " procured a boat at Boſton and went down to the ſaid ſloop Pompey, then lying at anchor in Nantaſket Bay, ſo called, about a quarter of a mile from the ſhore," that they reſcued the priſoner, forced the officer to return to Boſton without him, and the ſloop Pompey to put to ſea and carry him off, " whereby the plaintiff hath wholly loſt the benefit of the writ of attachment and his debt aforeſaid."

The defendants pleaded in abatement " that the ſaid Patrick hath not in ſaid declaration ſhown forth that the cauſe of the ſaid action aroſe within the county of Suffolk;" and the writ was abated " upon the firſt exception."

*Mr. Thacher*, in fupport of the Writ faid, that the former Writ was faid to be purchafed in Bofton, Complaint made there, Warrant procured there and Contrivance there.

*Ch. Juft.* If Confpiracy be in one County and Refcous in another, could the Courts in both have Jurifdiction ?

*Mr. Gridley.* Jurifdiction of inferiour Courts muft be fhewn. This is a Court of a limited Jurifdiction; they have fhewn the Confpiracy to be within, but 'tis the Refcue, and not Confpiracy, which is the Caufe of Action.

*Writ abated*, 3 *vs.* 1. (2)

---

(2) It appears to have been affumed that a civil action for a refcue was local, and could only be brought in the county where the caufe of action or fome part thereof arofe, and the decifion was fimply to the point that a confpiracy alone within a county was not fufficient to authorize the action to be brought there. No queftion of admiralty jurifdiction could have arifen, becaufe even if a fhip " in Nantafket Bay a quarter of a mile from fhore " was not *infra corpus comitatus*, (12 Met. 387,) yet of torts upon the high fea the common law had concurrent jurifdiction. 2 Gallis. 422.

For a fomewhat analogous decifion in a cafe in which the locality of the tort was the limit of jurifdiction, fee *Adams* v. *Haffard*, 20 Pick. 127, where it was held, that an imprifonment on fhore, in purfuance of orders given on the high fea, did not conftitute a caufe of action within admiralty jurifdiction.

But whether an action on the cafe againft refcuers is local at common law, *quære.* An action of efcape againft the officer is tranfitory. Bac. Ab. Efcape, F. 2 Chit. Pl. (6th Am. Ed.) 736, 737, & note (d).